IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH A. KEISSER, et al., | : | |
| | : | Case No. 3:02cv7479 |
| Plaintiffs, | : | |
| | : | Judge James G. Carr |
| v. | : | |
| | : | |
| NATIONWIDE MUTUAL | : | |
| INSURANCE COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS

Now come Defendants Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Life and Annuity Company f/k/a Nationwide Variable Life Insurance Company, and Nationwide Assurance Company f/k/a Colonial Insurance Company of California (collectively referred to as "Defendants"), by and through counsel, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure hereby move the Court to dismiss Plaintiffs' First Amended Complaint. The grounds for this motion is that all of Plaintiffs' claims are compulsory counterclaims in a related state

877946v2

court action that have been waived by Plaintiffs as a result of Plaintiffs' failure to assert such claims in that action. In addition, Plaintiffs fail to allege all requisite elements necessary to state a claim for breach of contract, anticipatory breach of contract, theft, conversion, and violation of Section 43(a) of the Lanham Act. A memorandum in support is attached hereto.

                                                         Respectfully submitted,

                                         /s/ Randolph C. Wiseman
                                         Randolph C. Wiseman    (0021992)
                                         BRICKER & ECKLER LLP
                                         100 South Third Street
                                         Columbus, Ohio 43215
                                         Phone: 614-227-2300
                                         Fax: 614-227-2390
                                         Email: rwiseman@bricker.com
                                         Trial Attorney for Plaintiffs

<u>OF COUNSEL</u>:

Nelson M. Reid (0068434)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215
Phone: 614-227-2300
Fax: 614-227-2390
Email: nreid@bricker.com

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

Plaintiffs Keith A. Keisser and Keith Keisser Insurance Agency, Inc. (collectively referred to as "Plaintiffs") improperly attempt to circumvent Ohio law regarding venue and compulsory counterclaims. When Defendants Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Life and Annuity Company f/k/a Nationwide Variable Life Insurance Company, and Nationwide Assurance Company f/k/a Colonial Insurance Company of California (collectively referred to as "Defendants") filed a lawsuit against Plaintiffs in the Franklin County Court of Common Pleas (the "State Court Action"), Plaintiffs attempted to transfer the action to Lucas County. When that failed, instead of asserting counterclaims against Defendants, Plaintiffs merely filed an answer and thereafter brought this action.

The claims Plaintiffs assert in this action are logically related to the claims asserted by Defendants in the State Court Action and thus were compulsory counterclaims under Ohio law. Plaintiffs were required by law to assert their claims in the State Court Action or be deemed to have waived such claims. Upon losing the motion to transfer venue, Plaintiffs were not free to simply assert their claims in another forum they deemed more convenient to them. Accordingly, the Court should dismiss Plaintiffs' First Amended Complaint in its entirety.

If the Court should choose not to dismiss Plaintiffs' First Amended Complaint in its entirety, the Court should still dismiss Plaintiffs' claims for breach of contract, anticipatory breach of contract, theft, conversion, and violation of Section 43(a) of the Lanham Act. Plaintiffs fail to allege all requisite elements to such claims and thus fail to state a claim upon

877946v2

3

which relief can be granted.

## II. STATEMENT OF FACTS AND PROCEDURAL POSTURE

### A. The Earlier Filed State Court Action

On April 15, 2002, Defendants filed a complaint against Plaintiffs in the Court of Common Pleas of Franklin County, Ohio (the "State Court Action"). The case is styled <u>Nationwide Mutual Insurance Company, et al. v. Keith A. Keisser</u>, Case No. 02CVH04-4120. A true and accurate copy of the complaint filed by Defendants is attached hereto as Exhibit A.

Defendants assert five causes of action in their complaint. In the First Cause of Action, Defendants seek replevin of (1) any and all documents or materials containing Nationwide policyholder information, (2) all manuals, forms, records, and other materials and supplies that Plaintiffs were provided by Defendants, and (3) all hardware and all copies of software, manuals, policyholder information, and related documentation.

In the Second Cause of Action, Defendants assert a claim for conversion based upon Plaintiffs' retention of the same materials referenced in the replevin claim.

Defendants' Third Cause of Action is for breach of contract. Pursuant to such claim, Defendants allege that Plaintiffs have breached several agreements between Plaintiffs and Defendants including the Corporate Agency Agreement, the Systems Service and Support Agreement, the Agency Code of Ethics, and the Nationwide Financial Services Compliance Manual. This claim is based upon Plaintiffs' improper retention of Defendants' property as well as Plaintiffs' improper use of Nationwide policyholder information.

In the Fourth Cause of Action, Defendants assert a claim for unjust enrichment against Plaintiffs.

In the Fifth Cause of Action, Defendants assert a claim for declaratory judgment.

Specifically, Defendants seek a declaration that Defendant are entitled to the return of all records and other materials and supplies that Plaintiffs were provided by Defendants and the return of all property Plaintiffs obtained from third parties while Plaintiffs were acting on behalf of Defendants as Defendants' exclusive independent contractor insurance agency.  Defendants also seek a declaration that Defendants are the sole owners of the Nationwide policyholder information.

### B. Plaintiffs' Unsuccessful Motion To Transfer Venue In The State Court Action

Understandably, Plaintiffs would prefer to litigate the State Court Action in Northwestern Ohio as opposed to Franklin County, Ohio.  To that end, on or about June 3, 2002, Plaintiffs moved to transfer venue of the State Court Action to the Court of Common Pleas of Lucas County, Ohio.  Defendants opposed the motion to transfer venue.

On or about August 15, 2002, the state court denied Plaintiffs' motion to transfer venue.  Plaintiffs moved the Court to reconsider.  Although the state court granted reconsideration, the state court once again denied Plaintiffs' motion to transfer venue.  Accordingly, the State Court Action will be litigated in the Court of Common Pleas of Franklin County, Ohio.

### C. Plaintiffs Fail To Assert Counterclaims In The State Court Action.

On or about September 23, 2002, Plaintiffs filed their Answer to Defendants' complaint in the State Court Action.  A true and accurate copy of the answer is attached hereto as Exhibit B.  Plaintiffs did not assert any counterclaims against Defendants.

### D. Plaintiffs File This Action

Because Plaintiffs failed to obtain a transfer of the State Court Action to Lucas County, Ohio, Plaintiffs had to resort to another method to litigate with Defendants in Northwest Ohio. Instead of asserting the claims brought herein by Plaintiffs as counterclaims in the State Court

877946v2

5

Action, Plaintiffs initiated a second action in this Court.

On or about October 2, 2002, Plaintiffs filed their Complaint in this action.  On or about October 25, 2002, before Defendants responded to the Complaint, Plaintiffs filed their First Amended Complaint.  Plaintiffs assert six claims for relief.

In Plaintiffs' First Claim for Relief, Plaintiffs attempt to assert a claim for breach of contract.  Specifically, Plaintiffs assert that Defendants breached the Corporate Agency Agreement between the parties by prematurely denying Plaintiffs access to Defendants' computerized transaction and record-keeping system and by preventing Plaintiffs from determining the time, place and manner of soliciting insurance, servicing policyholders, and otherwise carrying out the provisions of the Corporate Agency Agreement.

In Plaintiffs' Second Claim for Relief, Plaintiffs attempt to assert claims for breach of contract, anticipatory breach of contract, theft, and conversion.  As the alleged factual basis to these claims, Plaintiffs assert that Defendants have refused to pay Deferred Compensation Incentive Credits ("DCIC") or Extended Earnings to Plaintiffs.  Plaintiffs further assert that Plaintiffs are entitled to such benefits pursuant to the Corporate Agency Agreement.

In Plaintiffs' Third Claim for Relief, Plaintiffs attempt to assert a claim for trademark or trade name infringement under the Lanham Act.  Specifically, Plaintiffs assert that Defendants have mailed documents to Defendants' policyholders listing Keith Keisser Insurance Agency as the agent, but listing Defendants' own telephone number.  Plaintiffs asserts that the use of Plaintiffs' trade name is unauthorized and misleading.

In Plaintiffs' Fourth Claim for Relief, Plaintiffs attempt to assert a claim for trademark or trade name infringement under Ohio common law.  The alleged factual basis to this claim is the same as Plaintiffs' claim under the Lanham Act.

877946v2

6

In Plaintiffs' Fifth Claim for Relief, Plaintiffs attempt to assert a claim for trademark or trade name infringement under the Ohio Deceptive Trade Practices Act. The alleged factual basis to this claim is the same as Plaintiffs' claim under the Lanham Act and Ohio common law.

In Plaintiffs' Sixth Claim for Relief, Plaintiffs attempt to assert another claim for breach of contract. Specifically, Plaintiffs assert that although the Corporate Agency Agreement granted Defendant a limited, non-exclusive right to use Plaintiffs' trade name on materials sent to Defendants' policyholders, such agreement also required Defendants to remove Plaintiffs' trade name from all such materials as soon as possible. Plaintiffs assert that Defendants have breached this provision.

### III. STANDARD OF REVIEW

Dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097, 1104 (6th Cir. 1995). For instance, dismissal is appropriate where a complaint lacks an allegation regarding a required element necessary to obtain relief. Craighead v. E.F. Hutton & Co., Inc., 899 F.2d 485, 494 (6th Cir. 1990)(dismissal appropriate where factual allegations were insufficient to plead essential elements of RICO claim); LRL Properties, 55 F.3d at 1103. In reviewing a complaint, a court is not required to accept every allegation at face value. Rather, only well-pleaded facts must be taken as true; conclusory allegations are entitled to no presumption of truth. LRL Properties, 55 F.3d at 1103.

### IV. ARGUMENT

    **A. Plaintiffs' Claims Are Barred By Plaintiffs' Failure To Assert Such Claims In The State Court Action.**

Rule 13(A) of the Ohio Rules of Civil Procedure provides that "[a] pleading shall state as

a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."  Thus, Rule 13(A) requires that <u>all</u> existing claims between litigants that arise out of the same transaction or occurrence be litigated in a single lawsuit, regardless of whom initiated the lawsuit.  <u>Rettig Enterprises, Inc. v. Koehler</u>, 68 Ohio St.3d 274, 278 (1994).

The Ohio Supreme Court applies a two-part test for determining whether a particular claim is a compulsory counterclaim: (1) does the claim exist at the time of service of the pleading and (2) does the claim arise out of the same transaction or occurrence that is the subject of the opposing claims.  <u>Rettig Enterprises</u>, 68 Ohio St.3d at 277.  If both prongs are met, the claim is a compulsory counterclaim and is barred from assertion in later litigation.  <u>Id</u>.

When one applies the two-part test to Plaintiffs' claims, it is clear that such claims were compulsory counterclaims in the previously filed State Court Action.  By failing to assert such claims in the State Court Action, such claims have been waived and Plaintiffs cannot now litigate such claims in this separate action.  Accordingly, Plaintiffs' First Amended Complaint should be dismissed.

    **1.**  **Plaintiffs' claims existed when Plaintiffs filed their answer in the State Court Action.**

There does not appear to be any dispute that the claims asserted in this action by Plaintiffs existed when Plaintiffs filed their answer in the State Court Action.  Plaintiffs served their answer in the State Court Action on September 23, 2002.  In their First Amended Complaint, Plaintiffs continually refer to conduct that allegedly occurred in 2001.  The first part of the two-part test has been met.

**2.  Plaintiffs' claims herein arise out of the same transaction or occurrence that is the subject of Defendants' claims in the State Court Action.**

In determining whether claims arise out of the same transaction or occurrence, Ohio courts utilize the "logical relation" test.  Rettig Enterprises, 68 Ohio St.3d at 278 (citing 6 Wright, Miller & Kane, Federal Practice and Procedure (Civil 2d 1990) 65, Section 1410). Under the logical relation test, "a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts."  Id.

The logical relation test promotes the object and purpose of Rule 13(A): to avoid a multiplicity of lawsuits and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters.  Rettig Enterprises, 68 Ohio St.3d at 278.  Further, the logical relation test is favored in Ohio because of the flexibility it affords:

> Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. * * * That they are not precisely identical, or that the counterclaim embraces additional allegations * * * does not matter. To hold otherwise would be to rob this branch of the rule of all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are, in all particulars, the same as those constituting the defendant's counterclaim.  Id. at 278-79 (quoting Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757).

Thus, "claims are compulsory counterclaims where they involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties."  Id. at 279.

In light of the purpose of Rule 13(A), and the broadness and flexibility of the logical relation test, it is clear that Plaintiffs' claims herein are compulsory counterclaims in the previously filed State Court Action.  All of Plaintiffs' claims in this action and all of Defendants'

claims in the State Court Action extend from the Corporate Agency Agreement entered into by the parties and the relationship created thereby.

In the State Court Action, among other things, Defendants assert that Plaintiffs have improperly retained Defendants' property thereby breaching Plaintiffs' obligations under the Corporate Agency Agreement. Defendants also assert claims for replevin, conversion, unjust enrichment, and declaratory judgment based upon the same general set of facts.

In this action, among other things, Plaintiffs asserts three different claims for breach of the Corporate Agency Agreement. In addition, based upon the same general facts as Plaintiffs' breach of contract claims, Plaintiffs assert claims for anticipatory breach of contract, theft, conversion, violation of Lanham Act, trademark infringement under Ohio common law, and violation of Ohio Deceptive Trade Practices Act.

It simply does not make sense to litigate these claims in two different actions and two different venues because they will cover the same factual and legal issues. Both actions will require interpretation and construction of the Corporate Agency Agreement and the application of same to disputed facts. Further, both parties will argue that the other breached the Corporate Agency Agreement as a defense to the other's action. For instance, if Defendants succeed in proving in the State Court Action that Plaintiffs breached the Corporate Agency Agreement by retaining Defendants' property, Defendants will argue that such breach is a complete defense to Plaintiffs' claim for DCIC and Extended Earnings in this action. If both actions are permitted to proceed, the result will be a multiplicity of lawsuits that Rule 13(A) seeks to avoid. Moreover, there is a substantial risk of inconsistent rulings as to the same factual and legal issues.

Therefore, it is apparent that Plaintiffs' claims herein and Defendants' claims in the State Court Action are logically related. As such, Plaintiffs' claims are compulsory counterclaims that

must be asserted by Plaintiffs in the State Court Action.  Plaintiffs' failure to assert such claims in the State Court Action waived such claims.  The Court should refuse Plaintiffs' attempt to circumvent Ohio law and the Court should dismiss Plaintiffs' First Amended Complaint.

### B. Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted.

Assuming arguendo that the Court does not dismiss the entire action for the reasons set forth above, the Court should still dismiss Plaintiffs' claims for breach of contract, anticipatory breach of contract, theft, conversion, and violation of Section 43(a) of the Lanham Act.  Plaintiffs fail to allege all elements to such claims and thus fail to state a claim upon which relief can be granted.

#### 1. Breach of contract

In Plaintiffs' First, Second, and Sixth Claims for Relief, Plaintiffs attempt to allege claims for breach of contract.  In order to state a claim for breach of contract, Plaintiffs must allege the following elements: (1) the existence of a contract, (2) performance by Plaintiffs, (3) breach by Defendants, and (4) damage or loss to Plaintiffs.  Chou v. Chou, Cuyahoga App. No. 80611, 2002 Ohio 535, 2002 Ohio App. LEXIS 5366 at *P28 (Ohio App. 8 Dist. Oct. 3, 2002) (copy attached hereto as Exhibit C).

Among other things, Plaintiffs' First Amended Complaint is completely devoid of any allegation that Plaintiffs performed all of their duties and obligations pursuant to the Corporate Agency Agreement.  In the absence of this allegation, Plaintiffs fail to allege all the requisite elements to a breach of contract claim.  Accordingly, all three of Plaintiffs' breach of contract claims fail to state a claim and should be dismissed.

#### 2. Anticipatory breach of contract

In the Second Claim for Relief, in addition to a breach of contract claim, Plaintiffs also

877946v2                                    11

attempt to state a claim for anticipatory breach of contract. Just as Plaintiffs' breach of contract claims fail because Plaintiffs fail to allege their own performance of all their contractual obligations, Plaintiffs' anticipatory breach of contract claim fails for the same reason.

Furthermore, the doctrine of anticipatory breach does not pertain to contractual provisions for the payment of money. <u>Crouse v. Nantucket Development Co.</u>, 10 Ohio App.3d 191, 193 (Ohio App. 9 Dist. 1983). In Plaintiffs' Second Claim for Relief, Plaintiffs assert that Defendants have anticipatorily breached a contractual provision to pay money to Plaintiffs. Thus, Plaintiffs' anticipatory breach of contract claim fails for this additional reason.

### 3. **Theft**

In Plaintiffs' Second Claim for Relief, Plaintiffs attempt to state a claim for theft. However, Ohio law does not recognize a civil claim for theft. <u>Wolf v. Lakewood Hospital</u>, 73 Ohio App. 3d 709, 715 (Ohio App. 8 Dist. 1991). Rather, such claim is rightfully termed as a claim for conversion, which Plaintiffs also assert in the Second Claim for Relief. Accordingly, the Court should dismiss Plaintiffs' theft claim.

### 4. **Conversion**

As previously mentioned, Plaintiffs attempt to allege a claim for conversion against Defendants in the Second Claim for Relief. Such claim is based upon the allegation that Defendants refuse to pay Plaintiffs monies to which Plaintiffs believe they are contractually entitled. Plaintiffs fail to state a claim for conversion.

Under Ohio law, money can only be converted when it is identifiable and there is an obligation to return the <u>specific</u> money in question. <u>NPF IV, Inc. v. Transitional Health Services</u>, 922 F.Supp. 77, 81 (S.D.OH. 1996). Plaintiffs fail to allege either component.

In order to be identifiable, the money involved must be capable of identification such as

money in a bag or funds segregated in their own account. Id. If the money allegedly converted is simply commingled with the defendant's other funds, however, such money is not identifiable. See id. Plaintiffs do not allege, and cannot allege, that the monies allegedly converted are identifiable. For instance, Plaintiffs fail to allege that the alleged monies are kept in a separate account. This defect, in and of itself, is fatal to Plaintiffs' conversion claim.

Moreover, Plaintiffs fail to allege that Defendants are obligated to return specific monies. Rather, Plaintiffs merely allege that Defendants owe Plaintiffs a sum of money, which is not sufficient to state a claim for conversion. NPF IV, 922 F.Supp. at 82. Unfortunately for Plaintiffs, an action will not lie for conversion of a mere debt. Id.

Therefore, Plaintiffs fail as a matter of law to state a claim for conversion of money. The Court should dismiss Plaintiffs' conversion claim.

### 5. Lanham Act

In Plaintiffs' Third Claim for Relief, Plaintiffs attempt to state a claim for violation of Section 43(a) of the Lanham Act. In order to state a claim for violation of Section 43(a) of the Lanham Act, among other things, a claimant must allege that goods or services have been caused "to enter into commerce" with a false description or designation of origin. Iding v. Anaston, 266 F.Supp. 1015, 1018 (N.D.Illinois 1967). Thus, a claimant must allege that mark at issue was utilized in interstate commerce. Id. In fact, the interstate commerce requirement is so vital that the failure to allege this element alone warrants dismissal for failure to state a claim. Id.

There would appear to be just one paragraph in Plaintiffs' First Amended Complaint that arguably addresses the vital interstate commerce requirement. In such paragraph, Plaintiffs allege that "Defendants' use of Plaintiffs' valuable trade name and/or its false or misleading descriptions or representations of fact were made and/or disseminated **using interstate**

**commerce**." See Complaint at ¶ 26 (emphasis added).

As an initial matter, it is not entirely clear what Plaintiffs are actually alleging. Perhaps Plaintiffs are simply stating that U.S. mail was used by Defendants. If so, such allegation would not be sufficient. Merely using the U.S. mail system for intrastate purposes does not equate to utilizing Plaintiffs' trade name in interstate commerce.

More importantly, this conclusory allegation is unsupported by factual allegations and thus is not entitled to any presumption of truth for purposes of a motion to dismiss. LRL Properties, 55 F.3d at 1103. For instance, Plaintiffs' Complaint is devoid of any allegation that Defendants utilized Plaintiffs' trade name any where other than inside the State of Ohio. Unfortunately for Plaintiffs, allegations detailing solely intrastate business activities without any allegation of an economic effect on interstate commerce by the alleged use of Plaintiffs' trade name is insufficient for purposes of the Lanham Act. See Iding, 266 F.Supp. at 1018.

In the absence of any factual allegations demonstrating that Defendants have used Plaintiffs' trade name in interstate commerce, Plaintiffs fail to state a claim for violation of Section 43(a) of the Lanham Act. Accordingly, the Court should dismiss Plaintiffs' Lanham Act claim.

## V.     CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court hold that all Plaintiffs' claims were compulsory counterclaims in the State Court Action and dismiss Plaintiffs' First Amended Complaint.  In the alternative, Defendants respectfully request that the Court dismiss Plaintiffs' claims for breach of contract, anticipatory breach of contract, theft, conversion, and violation of Section 43(a) of the Lanham Act for failure to state a claim upon which relief can be granted.

        Respectfully submitted,

/s/ Randolph C. Wiseman
Randolph C. Wiseman     (0021992)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215
Phone:  614-227-2300
Fax: 614-227-2390
Email: rwiseman@bricker.com
Trial Attorney for Defendants

OF COUNSEL:

Nelson M. Reid  (0068434)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215
Phone:  614-227-2300
Fax: 614-227-2390
Email: nreid@bricker.com

877946v2

15

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2002, a copy of the foregoing DEFENDANTS' MOTION TO DISMISS was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Randolph C. Wiseman
Randolph C. Wiseman